(305 P.3d 23)
No. 107,297

STATE OF KANSAS, *Appellee*, v. RHONDA K. EWERTZ, *Appellant*.

Opinion filed June 7, 2013.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and STANDRIDGE, JJ.

STANDRIDGE, J.: Rhonda K. Ewertz appeals her conviction of possession of methamphetamine and possession of drug paraphernalia with intent to introduce a controlled substance into the human body, claiming the district court erred in denying her motion to suppress. She argues the search of her car was not permissible as a search incident to arrest and the search of her makeup bag was not permissible under the plain view doctrine.

## FACTS

The parties stipulated to most of the following facts, with the exception of the testimony from the hearing on the motion to suppress specifically referenced below. On March 22, 2010, Officer Matt Tatro observed a car traveling with no taillights. Tatro testified that the car was swerving in its lane and once crossed over the fog line. Tatro stopped the car and identified the driver as Ewertz by her Kansas driver's license. After initiating contact with Ewertz, Tatro observed several clues of intoxication, including an odor of alcohol coming from the car and Ewertz' bloodshot and glassy eyes,

slurred speech, and overall speech pattern. Ewertz admitted that she told Tatro she had consumed at least one alcoholic beverage prior to driving; Tatro testified that Ewertz also told him that she could not remember how many alcoholic beverages she had consumed.

Ewertz showed clues of intoxication on multiple field sobriety tests, including an alphabet test, a counting test, the walk-and-turn test, and the one-leg-stand test. Officer Tatro observed six clues during a horizontal nystagmus gaze test. After Ewertz refused to take the preliminary breath test, she was placed under arrest for suspicion of driving under the influence.

After placing Ewertz in his patrol car, Officer Tatro prepared to conduct a search of the car for open containers of alcohol. Before returning to the car, Tatro asked Ewertz if she had a purse. Ewertz said she did and that it was in the passenger seat. Thereafter, Tatro went back to the car to retrieve the purse and to conduct a search of the car incident to arrest. In so doing, he observed an unzipped, pink makeup bag on the passenger side floorboard of the car containing a glass pipe with clearly visible burnt residue inside it. Ewertz admitted the makeup bag was hers, and Tatro thereafter searched through its contents. Tatro ultimately found a small zippered pouch, inside of which was a plastic baggie containing a crystalline substance that Tatro believed in his training and experience to be methamphetamine. The baggie and the glass pipe were tested, and methamphetamine was found in both.

Ewertz filed a motion to suppress the evidence discovered on the grounds that Officer Tatro did not have legal authority to search inside the car. After a hearing, the court held the search was lawful and the evidence legally admissible. Ewertz appeals from this ruling.

## ANALYSIS

On a motion to suppress evidence, this court reviews the factual findings underlying the trial court's suppression decision by a substantial competent evidence standard and the ultimate legal conclusion drawn from those factual findings by a de novo standard. The court does not reweigh the evidence. *State v. Walker*, 292 Kan.

1, 5, 251 P.3d 618 (2011). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

*Search Incident to Arrest*

The Fourth Amendment to the United States Constitution prohibits all unreasonable searches and seizures. Searches conducted without a valid search warrant are per se unreasonable unless the circumstances of the search fall within a specifically established and well-delineated exception to the search warrant requirement. These generally recognized exceptions include: (1) consent, (2) search incident to a lawful arrest, (3) stop and frisk, (4) probable cause to search with exigent circumstances, (5) the emergency doctrine, (6) an inventory search, (7) plain view, and (8) an administrative search of a closely regulated business. *State v. Vandevelde*, 36 Kan. App. 2d 262, 267-68, 138 P.3d 771 (2006). The State bears the burden of proving to the trial court the lawfulness of the search and seizure by a preponderance of the evidence. *State v. Pollman*, 286 Kan. 881, 886, 190 P.3d 234 (2008).

The State argued to the trial court that the search of Ewertz' car fell under the "search incident to a lawful arrest" exception. In *Arizona v. Gant*, 556 U.S. 332, 343-44, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), the United States Supreme Court delineated the parameters of this exception. Specifically, the Court held that a vehicle may be searched incident to a recent occupant's arrest only when (1) the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search or (2) it is " 'reasonable to believe' " evidence relevant to the crime of arrest might be found in the vehicle. 556 U.S. at 343-44 (citing *Thornton v. United States*, 541 U.S. 615, 632, 124 S. Ct. 2127, 158 L. Ed. 2d 905 [2004] [Scalia, J., concurring]). Under the facts presented in the case before it, the *Gant* Court determined that it was not reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle; specifically, the defendant "was arrested for driving with a suspended license—an offense for which police could not expect to find evidence in the passenger compartment

of his car," unlike the drug offenses in some of the Court's prior cases. 556 U.S. at 344; see *Thornton*, 541 U.S. 615 (search of car conducted after recent occupant of car arrested for possession of drugs); *New York v. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981) (same).

Citing the legal principles set forth in *Gant*, the district court in this case acknowledged that the interior of the car was no longer within Ewertz' immediate control when she was seated in the patrol car; thus, the first *Gant* exception did not apply. The district court ultimately concluded, however, that the search incident to arrest was justified under the second *Gant* exception because it was reasonable to believe that evidence relevant to the crime of arrest (driving under the influence) might be found in her vehicle. On appeal, Ewertz asserts the facts do not support the court's conclusion in this regard.

Whether it was "reasonable to believe" evidence relevant to the crime of driving under the influence might be found in Ewertz' vehicle depends on how we read *Gant*. We begin our analysis with the explanation of this standard provided by the Court in *Gant*:

"In many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the car contains relevant evidence. [Citations omitted.] But in others, including *Belton* and *Thornton* [where the defendant is arrested for possession of drugs], the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's car and any containers therein." *Gant*, 556 U.S. at 343-44.

In the wake of this explanation, two approaches to the "it is reasonable to believe" standard set forth in *Gant* have developed. Some courts have interpreted the above passage to create an almost categorical link between the nature of the crime of arrest and the right to search; in other words, certain offenses will never provide an officer with reasonable belief that a car contains evidence of the offense, while other offenses always will. See *People v. Nottoli*, 199 Cal. App. 4th 531, 553, 130 Cal. Rptr. 3d 884 (2011) ("The Supreme Court in *Gant* indicated that the nature of the crime of arrest was determinative."); *State v. Cantrell*, 149 Idaho 247, 254, 233 P.3d 178 (Ct. App. 2010) ("Cantrell was arrested for DUI, and the DUI supplied the basis for the search.").

Other courts have rejected this categorical approach, reasoning instead that the "it is reasonable to believe" standard is akin to reasonable suspicion. See *United States v. Taylor*, 49 A.3d 818, 822-24 (D.C. 2012) (there must be specific and articulable facts that exist which, when taken together with rational inferences from those facts, would reasonably justify a vehicle search under the second prong of *Gant*); accord *People v. Chamberlain*, 229 P.3d 1054, 1057 (Colo. 2010) ("The nature of the offense of arrest is clearly intended to have significance, and in some cases it may virtually preclude the existence of real or documentary evidence, but a broad rule automatically authorizing searches incident to arrest for all other offenses cannot be reconciled with the actual holding of *Gant*."); see also *People v. Evans*, 200 Cal. App. 4th 735, 748-52, 133 Cal. Rptr. 3d 323 (2011) (adopting *Chamberlain* rationale).

The Kansas Supreme Court has not yet interpreted the *Gant* Court's "it is reasonable to believe" language. Although some decisions of this court have found there was no reason to believe evidence would be found in the car based solely on the crime of arrest, the crimes of arrest in those cases were the kind of traffic violations identified by the *Gant* Court as never providing a reasonable basis to believe the vehicle contains evidence of the crime of arrest. See *State v. Karson*, 44 Kan. App. 2d 306, 311, 235 P.3d 1260 (2010) ("there was no reason to believe that any evidence would be found in the car that was related to the crime for which he was arrested [a preexisting traffic warrant]"), *rev. granted* May 21, 2011; *State v. Wear*, No. 100,442, 2009 WL 2902577, at *2 (Kan. App. 2009) (unpublished opinion) (finding search of truck Wear's husband was driving could not be justified as search for evidence of crime for which he was arrested—driving with suspended license). In one case, however, a panel of this court relied on the specific facts of the case to find that an officer was justified to believe evidence would be found in the vehicle. See *State v. Julian*, No. 105,695, 2012 WL 1759405, at *5 (Kan. App. 2012) (unpublished opinion) (finding pat-down search of defendant's person and defendant's furtive movements while in car provided officer reason to believe evidence of marijuana might be found in

defendant's vehicle), *rev. granted* May 5, 2013. Similarly, in *United States v. Francis*, No. 11-40064-01-RDR, 2011 WL 5837182, at *3 (D. Kan. 2011) (unpublished opinion), the United States District Court for the District of Kansas found it was reasonable for an officer to think he could find evidence of impaired driving in the vehicle when the driver stated she had taken medication, the officer smelled a strong odor of alcohol coming from the vehicle, and there was other evidence providing probable cause of driving under the influence.

In this case, the district court did not address whether it was *reasonable to believe* evidence related to Ewertz' arrest would be found in the car; instead it only noted that an officer may search for evidence " 'relevant to the crime of arrest.' " As such, the district court's decision appears to follow the categorical approach that some courts have used under *Gant* because, like drug offenses, driving under the influence is likely within the category of crimes identified by the *Gant* Court as supplying a basis for searching a vehicle. See 556 U.S. at 343-44. Specifically, the district court seemed to rely on Officer Tatro's testimony that he was looking for open containers of alcohol during the search, which the district court concluded was evidence that is relevant to the crime for which Ewertz was arrested. This factual finding is supported by substantial competent evidence in Tatro's testimony. Thus, if we construe the "it is reasonable to believe" language in *Gant* to impose a categorical standard, the district court correctly held that Ewertz' arrest for driving under the influence provided Tatro with reason to believe the car might contain evidence related to the crime of arrest, such as open containers of alcohol.

But the lawfulness of the search also can be affirmed if we construe *Gant's* "it is reasonable to believe" language as imposing a reasonable suspicion standard. The district court found that Officer Tatro had probable cause to arrest Ewertz for driving under the influence based on the smell of alcohol in the car, Ewertz' failure of some of the field sobriety tests, and her glassy and bloodshot eyes. There is substantial competent evidence throughout Tatro's testimony—as well as the parties' stipulated facts—to support these findings. The district court also found that Tatro observed Ewertz

swerving before he made the stop and noted her speech was slurred. This finding is supported by Tatro's testimony as well. In addition to evidence that the car Ewertz was driving swerved in its lane and crossed over the fog line, that Tatro smelled alcohol in the car after he pulled Ewertz over, that Ewertz failed field sobriety tests, that Ewertz had glassy and bloodshot eyes, and that Ewertz slurred her words, there is also evidence that Ewertz admitted to drinking at least one alcoholic beverage before driving the car. In light of these specific and articulable facts, as well as any rational inferences that can be drawn from those facts, we conclude the district court did not err in finding it was "reasonable to believe" evidence relevant to the crime of driving under the influence might be found in Ewertz' vehicle.

*The Plain View Doctrine*

The plain view doctrine is one of the exceptions to the search warrant requirement recognized in Kansas. See *Vandevelde,* 36 Kan. App. 2d at 267-68. When officers are in a place they have a right to be, even within a home, they may seize any evidence in plain view. *State v. Ulrey,* 41 Kan. App. 2d 1052, 1060, 208 P.3d 317 (2009). Under the plain view exception, a law enforcement official can seize evidence of a crime if " '(1) the initial intrusion which afforded authorities the plain view is lawful; (2) the discovery of the evidence is inadvertent; and (3) the incriminating character of the article is immediately apparent to searching authorities.' ": *State v. Canaan,* 265 Kan. 835, 843, 964 P.2d 681 (1998) (quoting *State v. Parker,* 236 Kan. 353, Syl. ¶ 2, 690 P.2d 1353 [1984]). The United States Supreme Court has observed that either a warrant or a warrant exception, including a search incident to lawful arrest, will support the initial intrusion that brings the police within plain view of an article of incriminating character. *Coolidge v. New Hampshire,* 403 U.S. 443, 465-66, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971).

Ewertz presents two arguments in support of her contention that the search of her makeup bag was not justified under the plain view doctrine: (1) the search of her car was not permissible as a search incident to arrest, so any evidence discovered as a result of

that search—regardless of whether it was in plain view—was inadmissible and (2) Officer Tatro's written report describing the search of the car incident to arrest was at odds with testimony provided by Tatro at the suppression hearing. Because we already have found that the search incident to Ewertz' arrest was lawful under the second *Gant* exception, we find no merit to Ewertz' first argument and therefore address only the second argument presented.

The written report submitted by Officer Tatro states:

- After he arrested Ewertz and placed her in the patrol car, he walked back to the car to retrieve her purse and do a search incident to arrest for any open containers of alcohol.
- In so doing, he " 'looked under the seat and on both front seats. While [he] was doing this [he] observed a small pink makeup bag that was actually on the passenger floorboard right in front of the passenger seat.' "
- " '[T]he bag had a zipper but it was unzipped and [he] could see inside' the bag."
- " '[T]here appeared a lot of items in the bag but directly on top [he] could see what was clearly a glass pipe which through [his] training and experience [he] believed to be used for the smoking of illegal narcotics including methamphetamine.' "
- He then searched the bag and found a small zippered pouch, inside of which was a plastic baggie containing a crystalline substance that he believed in his training and experience to be methamphetamine.

At the suppression hearing, Officer Tatro noted that his report was not entirely accurate in that he walked back to the car to retrieve her purse and do a search incident to arrest for any open containers of alcohol but in retrieving the purse noticed the pink makeup bag on the passenger floorboard right in front of the passenger seat. Tatro testified he took the purse to the patrol car and asked Ewertz whether the makeup bag was hers and whether she wanted it, to which she responded in the affirmative. Tatro testified that he then walked back to the car a second time and observed that the makeup bag on the passenger floorboard was unzipped—

with a 1½- to 2-inch gap, right inside of which was a glass pipe he believed to be used for smoking illegal narcotics.

In her brief, Ewertz appears to argue that the search of her makeup bag was not justified under the plain view doctrine because there was a discrepancy between Officer Tatro's written report stating that he observed the glass pipe in the makeup bag on his first trip to the car and Tatro's oral testimony stating that he observed the glass pipe in the makeup bag on a second trip to the car. But this argument has no merit. Even if Tatro observed the glass pipe on his second trip to the car, there is no dispute that Tatro returned to the vehicle to conduct a search incident to arrest. And, even if Ewertz did not tell Tatro that she wanted the makeup bag—again—there is no dispute that Tatro returned to the vehicle to conduct a search incident to arrest. Moreover, conspicuously missing from Ewertz' argument is any challenge to Tatro's testimony that the unzipped makeup bag revealing a glass pipe was in plain view as he began to conduct the search of her car for open containers of alcohol incident to her arrest for driving under the influence.

The finding that Officer Tatro observed the makeup bag containing drug paraphernalia in plain view is supported by substantial competent evidence in his testimony and the parties' stipulated facts. Given that Tatro intended to retrieve the bag and give it to Ewertz until he saw the pipe inside through the unzipped opening, the discovery of the evidence in this case was inadvertent. Furthermore, the incriminating character of the pipe was immediately apparent to Tatro as paraphernalia used for smoking narcotics. Therefore, the factual findings of the district court support its legal conclusion that the search of the makeup bag was constitutional under the plain view exception to the warrant requirement.

Affirmed.

* * *

MALONE, C.J., concurring: I concur with the majority that the search of Rhonda K. Ewertz' car was justified because it was objectively reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle. See *Arizona v. Gant*, 556

U.S. 332, 343-44, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009). The majority opinion correctly notes that the Kansas Supreme Court has not yet interpreted the *Gant* Court's "reasonable to believe" language and that two approaches to this standard have developed in cases from other jurisdictions. I write separately to suggest that Kansas courts should reject a per se rule of a categorical link between the nature of the crime of arrest and the right to search. Instead, Kansas courts should equate *Gant's* "reasonable to believe" language with reasonable suspicion. Under Kansas law, reasonable suspicion is an objective standard based on the totality of the circumstances and is viewed in terms as understood by those versed in the field of law enforcement. *State v. Pollman*, 286 Kan. 881, 890, 190 P.3d 234 (2008).

There should be no categorical link between an arrest for driving under the influence (DUI) and a right to search the driver's vehicle. In many instances, a law enforcement officer investigating a DUI may develop probable cause to arrest the driver without having reason to believe that evidence relevant to the crime might be found in the vehicle. For example, an officer might observe a driver who has bloodshot eyes, slurred speech, and fails multiple field sobriety tests, but this evidence alone does not supply reasonable suspicion that an open container of alcohol might be found *inside* the vehicle.

In a search incident to a lawful arrest following a car stop, when the arrestee is secured and no longer has access to the passenger compartment of the vehicle, a law enforcement officer can only search the car when there is reasonable suspicion that evidence relevant to the crime of arrest might be found in the vehicle. Here, it appears that Officer Matt Tatro was determined to search Ewertz' car under any circumstance. But Tatro's subjective intent is not relevant in determining whether there was reasonable suspicion that evidence of the crime of arrest might be found in the vehicle. The test is an objective one. See *Pollman*, 286 Kan. at 890.

The undisputed evidence at the suppression hearing established that Ewertz admitted to Tatro that she had consumed at least one alcoholic beverage. More importantly, Tatro smelled alcohol *coming from the car* when he initiated contact with Ewertz. Under the

totality of the circumstances, an objective law enforcement officer would have reasonable suspicion that evidence relevant to the DUI arrest might be found in the vehicle. Thus, Tatro was authorized to search the passenger compartment, including any containers therein in which evidence of the DUI arrest might reasonably be found. See *Gant*, 556 U.S. at 343-44. For this reason, I agree that the district court did not err in denying Ewertz' motion to suppress the evidence.